**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01007-RHH |
| | ) | |
| LEVY SPORTS AND FOOD | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Jackie Roberts's

(1) application to proceed in district court without prepayment of fees and costs

(Doc. 2), and (2) motion to appoint counsel (Doc. 3).  Because Plaintiff has not

completed her application, the Court denies it without prejudice and orders her to

either pay the $405 filing fee or file a completed application within 21 days.  The

Court denies without prejudice Plaintiff's motion to appoint counsel.  Finally, the

Court orders Plaintiff to file a copy of her charge of discrimination filed with the

EEEOC within 21 days of the date of this Order.

**I.     Application to Proceed in District Court Without Prepaying Fees and Costs**

With her complaint, Plaintiff filed an application to proceed in district court

without prepaying fees and costs.  (Doc. 2).  She has not answered question 5 on the

form, requiring her to state whether she owns any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, and describe the property and its approximate value.  Because Plaintiff has not answered this question, the Court cannot determine whether she is unable to pay the $405 filing fee.  The Court dismisses without prejudice Plaintiff's application, and orders her to either pay the $405 filing fee or file a new, completed application within 21 days.

## II.    Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  (Doc. 3).  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  The Court will entertain future motions for appointment of counsel as the case progresses.

### III.    EEOC Charge of Discrimination

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for alleged employment discrimination.  "In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."  *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).

Although Plaintiff has attached a copy of her right-to-sue letter to her complaint, she has not provided the Court with a copy of her EEOC charge of discrimination.  Consequently, the Court will order the Plaintiff to supplement the complaint by submitting a copy of her charge of discrimination within 21 days of the date of this Order so that the Court may ascertain whether Plaintiff's claims in her complaint are like or reasonably related to the claims outlined in her charge. *Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs is **DENIED** without prejudice.  (Doc. 2)

**IT IS FURTHER ORDERED** that Plaintiff shall either pay the $405 filing fee or file a complete application to proceed in district court without prepaying fees and costs within 21 days of the date of this Order.  The Clerk of Court shall mail Plaintiff the Court's form application to proceed in district court without prepaying fees and costs.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice.  (Doc. 3)

**IT IS FURTHER ORDERED** that Plaintiff shall submit a copy of her EEOC charge of discrimination within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Court's Order will result in a dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 17th day of  July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

-4-