**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-01007 RHH |
| | ) | |
| LEVY SPORTS AND FOOD SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed employment discrimination matter is before the Court following self-represented Plaintiff Jackie Roberts' Motion for Reconsideration and Motion to Proceed in Forma Pauperis. (ECF Nos. 8, 9.) For the reasons discussed below, Plaintiff's post-dismissal motions will be denied.

**Case Background**

Plaintiff initiated this action against her former employer Levy Sports and Food Services, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* for employment discrimination in the form of termination and retaliation based on religion, gender, and age. She alleges she was employed at Levy Sports and Food Services from September 25, 2024, to March 21, 2026, and that she was discriminated against during this time. Plaintiff alleges discriminatory conduct as follows:

> I was discriminated and treated unfairly because of my belief and my humbleness and willing ways. Always ok to help or do something that was out of my job title until they started to take advantage, cutting hours and throwing with jobs and other people that I was not hired to do. It was retaliation. Women were treated. They ended up putting with a whole other crew, because of a chef that ended up resigning told them that I was being rude and touched the meat. In the end they said I was being rude and was fired.

(ECF No. 1, at 5-7.) In the Request for Relief section of the Complaint, Plaintiff asks the Court for her job back, to be compensated for all the time she missed on the job and all of her financial needs she fell behind on, and she identified four people (who are presumably employees of Defendant) that she would like fired. (ECF No. 1, at 8.)

Plaintiff alleges she filed a charge of discrimination on June 4, 2026. (ECF No. 1.) Along with her Complaint, Plaintiff filed a copy of a Right to Sue Letter issued on June 18, 2026. (ECF No. 1-1.)

On July 17, 2026, the Court issued an Order dismissing without prejudice Plaintiff's application to proceed in district court without paying fees and costs, denying Plaintiff's motion to appoint counsel, and ordering Plaintiff to submit a copy of her EEOC charge of discrimination. (ECF No. 5.) In the Order, the Court gave Plaintiff until August 7, 2026, to (1) either pay the $405 filing fee or file a new, completed application to proceed without prepaying fees and costs; and (2) submit to the Court a copy of her EEOC charge of discrimination. (*Id.*) The Order advised that "Plaintiff's failure to comply with this Court's Order will result in a dismissal of this action without prejudice and without further notice to Plaintiff." (*Id.*) Plaintiff failed to comply with either requirement. Consequently, on August 14, 2026, the Court dismissed this action without prejudice for violations of the Court's Order dated July 17, 2026. (ECF No. 7.)

**Discussion**

On or about August 18, 2026, Plaintiff filed a letter to the undersigned on a Memorandum for Clerk form. (ECF No. 8.) On the same date, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 9.)

The Court construes Plaintiff's letter as a motion for reconsideration of the Order of Dismissal. (ECF No. 8.) Following careful review of the motion and the record, the Court finds that Plaintiff has not demonstrated that the motion should be granted.

Plaintiff's motion asks for "a second chance in considering this case." Plaintiff acknowledges she has not met the Court's deadlines and that it was her fault. However, Plaintiff further explains she has been grieving and "constantly having emotional meltdowns" due to the murder of her someone significant to her. She learned of his passing on Father's Day. She states that since she learned of his passing in June, she has "pushed everything to the side," ignoring phone calls, mail, etc. However, she will make it her business not to miss anymore deadlines. (ECF No. 8.)

The Court is sympathetic to the difficult mental recovery after the loss of a loved one. However, the Court will not reopen this matter based on Plaintiff's representations in the motion. As an initial matter, Plaintiff states she learned of her loved one's death on Father's Day, or June 21, 2026, and has been unable to manage mail and other tasks since that time. However, two days later, on June 23, 2026, Plaintiff filed this lawsuit. (ECF No. 1.) On the same day, Plaintiff was also able to file a separate lawsuit alleging discriminatory termination and retaliation against another former employer. *See Jackie Roberts v. St. Louis Public Schools Chartwell K-12,* No: 4:26-cv-2006-PLC (E.D.Mo.).[1] Therefore, it is unclear how Plaintiff's circumstances kept her from complying with the Court's Order.

Moreover, Plaintiff explicitly acknowledges that she knew about the Court's deadline and that the failure to comply was her fault. While she filed an out of time application to proceed in district court without paying fees and costs, Plaintiff did not file a copy of the EEOC charge of

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

discrimination. As the Court previously explained, the EEOC charge of discrimination was necessary "so that the Court to ascertain whether Plaintiff's claims in her complaint are like or reasonably related to the claims outlined in her charge." (ECF No. 5.) Even if the Court had reason to consider the reopening of this matter, without the charge of discrimination, the Court has no basis to determine whether she has exhausted her administrative remedies as to any potential claims.

The Court further notes that Plaintiff's allegations fail to state a plausible claim for relief. She states she was treated unfairly because of her belief, humbleness, and willing ways, but the Complaint contains no allegations to support her claims that she was subject to religious, gender, or age discrimination. Plaintiff's allegations suggest she was terminated due to a workplace dispute unrelated to her religion, age, or gender.

Given Plaintiff's acknowledgement that she knew about the Court's deadlines, the general absence of supporting facts for her assertions in both the Complaint and the motion to reconsider, and Plaintiff's failure to cure both violations that formed the basis of dismissal, Plaintiff has not convinced the Court that her case should be reopened. "[P]ro se representation does not excuse a party from complying with the Court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). This Court's dismissal was without prejudice to Plaintiff's filing a new lawsuit in the future should she decide to do so; however, the instant action is closed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**. [ECF No. 8.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis is **DENIED as moot**. [ECF No. 9.]

Dated this 6th day of November, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE